No. 6508.

FIRST PRESBYTERIAN CHURCH VS. CITY OF NEW ORLEANS.

Until a definitive judgment, rendered by a court of competent jurisdiction, has been set aside, either on appeal or by an action of nullity, money paid under it can not be recovered back.

Property used for school purposes, and the lots appurtenant to and used therewith, are exempt from taxation.

Property belonging to a church, and used as a parsonage, or rectory, is not exempt from taxation.

APPEAL from the Superior District Court, parish of Orleans. *Lynch*, J.

*Singleton & Browne* and *John P. Smith* for plaintiff and appellant.
*Samuel P. Blanc* for defendant and appellee.

The opinion of the court on the original hearing was delivered by MANNING, C. J., and on the rehearing by SPENCER, J.

MANNING, C. J. The City of New Orleans obtained judgment against the First Presbyterian Church for taxes of 1874, on an assessment against two pieces of its property. This judgment became final and execution issued, under which was collected from the defendants in execution five hundred and eighty dollars and eighty cents for the amount of judgment and costs.

Afterwards, the City sued to recover five hundred and thirty-two dollars and fifty cents for taxes of 1876 assessed on several pieces of property. The present suit is to obtain the repayment to the plaintiff of the sum paid in satisfaction of the judgment for the taxes of 1874, and also to have established the exemption of all of its lots from taxes.

The money paid in satisfaction of the judgment for the taxes of 1874 can not be recovered back. It was rendered after a due observance of

all the forms for that kind of action. Its nullity is not alleged nor prayed, and until set aside for some legal cause, or reversed on appeal, it must stand good, and the money paid under it remains the property of the defendant.

A part of the property assessed for taxation in 1876 is a lot and improvements used as a school-house and grounds. The testimony is that the school is established by the Church, and is conducted under its supervision, and the lots adjacent to it are used for purposes of ingress and egress to the school building. This property is exempt under that clause of the Revised Statutes which exempts school-houses and the lots appurtenant.

But it is further claimed that a building and lot, used as a parsonage or rectory, is also exempt, and we do not think the law sanctions that exemption. The rule is that all property is liable to taxation. The Legislature, acting in subordination to the Constitution, has exempted certain classes or descriptions of property. Among the exemptions are "colleges, school-houses, and other buildings for the purpose of education, and their furniture, apparatus and equipments, and the lots thereto appurtenant and used therewith, so long as actually used for that purpose only." sec. 3233. Parties who claim exemption from taxation must shew that they belong to one of the favored classes, and we do not construe the terms of the above recited enactment as including a residence of the clergyman who officiates in the church. It is a matter of no consequence whether the rectory is on an adjacent lot to the church or whether it is separated from it by several streets or blocks of buildings, as this is. The residence of the clergyman is in no proper or legitimate sense appurtenant to the church, and is not exempt from taxation. It may be very convenient, as it certainly is very proper, that the church should own a lot and building, devoted or appropriated to the use of the rector as a residence, but it must be taxed until the Legislature shall enlarge or increase the classes of exempted property.

Judgment affirmed.

Mr. Justice Marr and Mr. Justice Egan took no part in the decision of this cause.

---

ON APPLICATION FOR REHEARING.

SPENCER, J. In the opinion of the court heretofore rendered, by inadvertency, paragraph No. 2 was referred to and copied instead of paragraph No. 4 of section 3233, of the Revised Statutes. The latter paragraph is as follows :

"Churches, chapels, convents, and *other public* buildings *for religious worship*, with the furniture and equipments and *lots of ground* thereto

appurtenant and used therewith, so long as the same shall be actually used *for that purpose,* only."

The counsel insists that not only the church, "but property actually used for the *'purposes'* of the church," is exempt. He argues that the parsonage is a property used *for the purposes* of the church, inasmuch as a church must have a parson, and the parson must have a house. We do not understand the words "for that purpose only" in the statute quoted as having any such meaning. They refer to, and are used to avoid repetition of the words "for religious worship." The substance and marrow of the law may be stated thus : churches, and other *public buildings for religious worship,* with their appurtenant grounds, are exempt from taxation so long as they are actually used "*for that purpose,*" i. e. "*for religious worship.*" A parsonage may be property used *for church purposes,* but it can not be said to be used "*for religious worship.*" The dominant idea in the statute is that the exemption shall be limited to "*public* buildings " and appurtenant "lots of *grounds,*" used " for religious worship."

Exceptions to general laws are always to be strictly construed—a party claiming exemption from their operation must bring himself clearly within some exception. These are elementary rules of interpretation.

Rehearing refused.