THE WARDENS, ETC. OF ST. MARK'S CHURCH *vs.* THE MAYOR, ETC. OF BRUNSWICK.

Under article 7, sec. 2, par. 2 and 4, of the constitution, no property in this State can be exempted from taxation, except such as is therein provided for. While "all public property, places of religious worship or burial," are among the property which may be exempted, this does not include parsonages in which rectors reside. Therefore such a parsonage owned by a church corporation was liable for an assessment for the laying of a pavement in front of it; and an injunction to restrain the collection of an execution issued for the amount of such assessment, was properly refused.

May 3, 1887.

Constitutional Law.   Tax.   Religious Corporations. Streets and Sidewalks.   Before Judge ATKINSON.   Glynn County.   At Chambers, April 16, 1887.

Reported in the decision.

GOODYEAR & KAY, by brief, for plaintiffs in error.

CROVATT & WHITFIELD, by brief, for defendants.

BLANDFORD, Justice.

It appears that this church is the owner of a lot of land in the city of Brunswick, upon which is a parsonage, in

which the rector of the church resides.    The city laid down a pavement upon a street running along this lot, and demanded payment therefor from the church.    This was refused.    The city then issued an execution against this property along which the pavement was laid; and the bill in this case was brought by the wardens and vestrymen of the church to enjoin the collection of that execution.    The chancellor refused the injunction; and that is the complaint here.

The property which belongs to a church is not exempt from taxation simply because it belongs to a church.    This property is liable to taxation; indeed, the legislature has no power to exempt it from taxation; and any law passed by the legislature to exempt property belonging to a church or anybody else from taxation, is simply void, under the constitution of this State, except so far as set out in article VII, section I, paragraph I of the constitution, where it is declared that, "The General Assembly may, by law, exempt from taxation all public property, places of religious worship or burial; all institutions of purely public charity; all buildings erected for and used as a college, incorporated academy, or other seminary of learning; the real and personal estate of any public library, and that of any other literary association used by or connected with such library; all books and philosophical apparatus; and all paintings and statuary of any company or association, kept in a public hall, and not held as merchandise or for purposes of sale or gain; provided, the property so exempted be not used for purposes of private or corporate profit or income."    The 4th paragraph declares that, "All laws exempting property from taxation, other than the property herein enumerated, shall be void."

It is very manifest that land upon which is a parsonage, although it may belong to a church, is not a place of public worship.    The language of the constitution is that the legislature may exempt " places of religious worship " from taxation; but the legislature cannot exempt a parsonage,

it not being a place of public worship.· We think, there-
fore, that the mayor and council of the city of Brunswick
had a right to assess against this property the value of the
improvements which the city had laid down along and
across the property; and that the chancellor did right to
refuse the injunction prayed for.

The decree of the chancellor is affirmed.