THIRD CONGREGATIONAL SOCIETY OF SPRINGFIELD *vs.*
CITY OF SPRINGFIELD.

Hampden.   September 25, 1888. — October 9, 1888.

Present : MORTON, C. J., DEVENS, W. ALLEN, & C. ALLEN, JJ.

*Tax — Exemption — Parsonage of Religious Society not Exempt.*

A parsonage, erected for a religious society on its land, and near its church edifice, for the use of its ministers as a dwelling-house exclusively, free of rent, is not, under the Pub. Sts. c. 11, § 5, cl. 3, 7, exempt from taxation.

CONTRACT to recover the amount of a tax assessed upon the real estate of the plaintiff, on May 1, 1887, and paid under protest. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, on an agreed statement of facts, in substance as follows.

The plaintiff is a duly incorporated religious society, and is the owner of land and a church edifice thereon in Springfield. In 1886 another building was erected upon the land, and within a few feet of the church edifice, and was given to the society for use as a parsonage. No land was devoted to the use of such parsonage except that upon which it stands, and all the walks and driveways to and from the parsonage are the same as those

always used for ingress and egress from the church edifice. This parsonage since its completion has been occupied by the settled minister of the society, and used by him and his family as a dwelling-house, free of rent, under the following vote of the society : " That the pastor, Rev. John Cuckson, be allowed the use of the parsonage during his pastorate, free of rent, he paying water rates and making such repairs as tenants are liable to make." The salary of such minister has remained the same as it was before the parsonage was built, and no other vote has been passed by the society as to the use of the parsonage.

If the parsonage and the land were exempt from taxation, judgment was to be entered for the plaintiff for $179.49, and interest from November 1, 1887, the date of payment; otherwise, for the defendant.

*A. M. Copeland*, for the plaintiff.

*J. B. Carroll*, for the defendant.

DEVENS, J. The Pub. Sts. c. 11, § 5, cl. 3, provide that " the personal property of literary, benevolent, charitable, and scientific institutions, incorporated within this Commonwealth, and the real estate belonging to such institutions, occupied by them or their officers for the purposes for which they were incorporated," shall be exempt from taxation. The seventh clause exempts from taxation " houses of religious worship owned by a religious society, or held in trust for the use of religious organizations, and the pews and furniture (except for parochial purposes) ; but portions of such houses appropriated for purposes other than religious worship shall be taxed at the value thereof to the owners of the houses." It will be observed, that religious societies are not included in the enumeration of the third clause, and that the exemption of their property from taxation is found in the seventh clause, exempting houses of religious worship, and recognizing that any portions of such houses as are appropriated to other than religious worship are to continue subject to taxation.

It is a familiar principle, that no exemption from taxation can be allowed except upon its being fairly shown that it was intended by the terms of the statute, and it is impossible to extend by construction the operation of the third clause above cited to religious societies. Those cases in which it has been held that

the occupation not under lease, but permissively, by officers of literary, educational, charitable, and scientific institutions, of dwelling-houses on their premises, did not render such buildings taxable, even if the advantage of such occupation was considered in determining the amount of their compensation, have no application to the case at bar. *Pierce* v. *Cambridge*, 2 Cush. 611. *Massachusetts General Hospital* v. *Somerville*, 101 Mass. 319. *Boston Society of Redemptorist Fathers* v. *Boston*, 129 Mass. 178.

That it would aid in the support of public worship, if the clergyman or other religious instructor could be provided with a dwelling for his occupation is true, but the Legislature has not undertaken to exempt that which would do this, but the house of religious worship only. Undoubtedly within this exemption would be included, not merely the building itself, but a reasonably sufficient territory around it for convenient ingress and egress, light, air, or appropriate and decent ornament. But when any portion of the land about the edifice is devoted to the erection of a dwelling-house, as this is a secular purpose, it is shown that so much at least of the territory is not appropriated as a part of the house of religious worship, or as necessarily incident thereto. Funds for the support of the ministry, held by a religious society, are taxable, whether invested in real or personal estate. Section 22 of c. 11 of the Public Statutes recognizes this, and provides for the mode of taxation, and it has been held that a corporation established for the purpose of holding a ministerial fund was not a charitable institution under our statute. *Greene Foundation* v. *Boston*, 12 Cush. 54, 58, 59.

It would hardly be contended that a house owned by the society, but situated elsewhere in the city of Springfield than upon the ground which has formed a part of that surrounding the church, would be exempt from taxation, yet such a dwelling for the use of the clergyman would contribute in equal degree to the support of religious worship. The Legislature intended to limit the exemption to the houses of religious worship alone, or to the portions of an edifice appropriated therefor, and their pews and furniture, although it is seen by the exception which is found in the seventh clause that these latter are left to be taxed for parochial purposes.

The conclusion which we reach, that the parsonage belonging to the plaintiff is taxable, is sustained by the opinion of other courts under statutes similar to our own. . Thus, in New Jersey, under a statute exempting " buildings erected and used for religious worship, and the land whereon the same are situate," etc., it has been held that a house for the rector, whether on the land originally occupied only by the church edifice or elsewhere, was not exempt.   Rev. Sts. of N. J., p. 1152, § 64, cl. 2.   *State* v. *Lyon*, 3 Vroom, 360.   *State* v. *Krollman*, 9 Vroom, 323 and 574.   *State* v. *Axtell*, 12 Vroom, 117.   The same result has been reached also in Minnesota, where the words of the exemption clause are " all houses used exclusively for public worship."   *St. Peter's Church* v. *County Commissioners*, 12 Minn. 395.   *Hennepin* v. *Grace*, 27 Minn. 503.   See also *Saint Joseph's Church* v. *Providence*, 12 R. I. 19 ; *Gerke* v. *Purcell*, 25 Ohio St. 229, 248.

*Judgment for the defendant.*