CASE 47—ACTION BY COMMONWEALTH AGAINST BROADWAY CHRISTIAN CHURCH TO RECOVER TAXES CONSOLIDATED WITH BROADWAY CHRISTIAN CHURCH AGAINST E. T. GROSS TO ENJOIN THE COLLECTION OF TAXES—JAN. 8.

# Broadway Christian Church v. Com. and Trustees Broadway Christian Church v. Gross.

### APPEAL FROM FAYETTE CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF IN THE FORMER ACTION AND FOR DEFENDANT IN THE LATTER, AND THE LOSING PARTIES APPEAL. AFFIRMED.

TAXATION—EXEMPTION OF CHURCH PARSONAGE—COLLECTION OF TAXES BY GARNISHMENT.

Held: 1. Under Constitution, section 170, exempting from taxation "places actually used for religious worship, with the grounds attached thereto and used and appurtenant to the house of worship," and "all parsonages or residences owned by any religious society and occupied as a home, and for no other purpose, by the minister of any religion," a church parsonage which is

Broadway Christian Church v. Com. and
Trustees Broadway Christian Church v. Gross.

not occupied by the minister, but is rented to another, is not
exempt, though erected on the church lot, and though the rent
is paid to the minister.
2. Under Kentucky Statutes, section 4184, authorizing the sheriff to
institute a garnishment proceeding for the collection of taxes
if he, "believes he can not otherwise collect the tax," it will
be presumed, in support of such a proceeding, that the sheriff
did so believe, where the taxes were past due, and the tax-
payer was denying liability.

MORTON & DARNALL, FOR APPELLANTS..

These causes, by consent of parties are heard together. The
question upon the merits is the same in each case.

The judgment in the county court proceedings may properly
be reversed for errors not necessarily involving the determi-
nation of the main question on the merits at issue between the
parties to the appeal.

The proceedings in the county court were unauthorized and
unnecessary. The sheriff could not have been prejudiced by
waiting the conclusion upon the appeal in the injunction suit
before beginning proceedings in the county court for the col-
lection of the tax. It should affirmatively appear from the pro-
ceedings that the sheriff, at the time he filed his statement in
the county court and procured the garnishment, believed that
such proceedings were necessary to secure the collection of the
tax (sec. 4184, Kentucky Statutes.) Moreover, it appears in
this record, that the appellant, at all times, was the owner of
property more than sufficient to pay the tax claimed.

But appellant more particularly insists, that the judgment
in both cases, should be reversed upon the merits of the ques-
tion involved.

The tax sought to be collected is based upon an assessment of
the "parsonage" owned by appellant, and built upon a lot of
less than one-half acre, and on which lot is located a house
of religious worship used by appellant. The parsonage was
given over to the minister for his own use and benefit, and
was occupied by him as an actual residence until the years
1896 and 1897, when the minister being the owner of another
residence, leased the parsonage to a tenant selected by him, col-
lected the rents and appropriated same to his own use.

The appellee contends, inasmuch as the parsonage, during
said period, was not *actually occupied* as a home by the

minister, it became subject to taxation and this view of the case was taken by the lower court.

Section 17 of the Constitution, and section 4026, Kentucky Statutes, both provide as exempt from taxation: "Places actually used for religious worship, with the grounds attached thereto, and used and appurtenant to the house of worship, not exceeding one-half acre in cities, &c."

A parson or minister is a necessary adjunct to the proper conduct of a place of religious worship, and a parsonage is as necessary to the parson as the parson is to the church.

**J. D. & G. R. HUNT,** FOR APPELLEE.

Statement of propositions discussed and authorities cited in support thereof.

1. Taxation of all property is the general rule, and exemptions of property from taxation will be strictly construed. City of Louisville v. Board of Trade, 90 Ky., page 414; Kilgus, &c. v. Trustees of Orphanage of Good Shepherd, 94 Ky., 444; Cooley on Taxation, page 205.

2. A parsonage or residence, occupied as a home by a minister, is not a place actually used for religious worship, and a *fortiori* is not such a place when occupied as a home by a layman, though the rents may be used by the minister for secular purposes. Orr v. Baker, 4 Ind., 86; Vail v. Baker, 10 Kansas, 166; Trustees of the Methodist Episcopal Church v. Ellis, 38 Ind., 3; St. Peter's Church v. County of Scott, 12 Minn., 295; St. Mark's Church Wardens v. Mayor of Brunswick, 78 Ga., 541; State v. Board of Assessors, 26 Southern Reporter, 877; City of Louisville v. Board of Trade, 90 Ky., page 409; First Presbyterian Church v. City of New Orleans, 31 Am. Rep., 225; St. Joseph's Church v. Assessors of Taxes, 34 Am. Rep., 597; Id., 12 R. I., 19; Gerke v. Purcell, 25 Ohio St. Rep., 248; State, Church of Redeemer v. Axtell, 41 N. J. L., 119; 32 N. J. L., 360; 38 N. J. L., 323; *In re* Grace, 8 Northwestern Rep., 761.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

The Broadway Christian Church, of Lexington, Ky., owns a lot in that city, not exceeding one-half acre in quantity, on which is erected a house for religious worship, and also a parsonage. The parsonage was not occupied by the minister, but was rented out. The minister

owned another house in Lexington, in which he resided; and, by an arrangement between him and the trustees of the church, the parsonage was rented out, and the rent paid to him. The parsonage was assessed for taxation while it was thus used. The sheriff, who had the taxes in his hands for collection, began the first of these actions by a proceeding under section 4184, Kentucky Statutes, garnishing the tenant of the property and the treasurer of the church. Thereupon the trustees of the church filed the second action, enjoining the sheriff from collecting the taxes on the ground that the property was exempt from taxation. The circuit court held that the property was not exempt, and the church has appealed.

By section 174 of the Constitution, all property, whether owned by natural persons or corporations, shall be taxed in proportion to its value, unless specifically exempted. Exemptions from taxation are regulated by section 170, which is as follows: "There shall be exempt from taxation public property used for public purposes; places actually used for religious worship, with the grounds attached thereto and used and appurtenant to the house of worship, not exceeding one-half acre in cities or towns, and not exceeding two acres in the country; places of burial not held for private or corporate profit, institutions of purely public charity, and institutions of education not used or employed for gain by any person or corporation, and the income of which is devoted solely to the cause of education; public libraries, their endowments and the income of such property as is used exclusively for their maintenance; all parsonages or residences owned by any religious society, and occupied as a home, and for no other purpose, by the minister of any religion, with not exceeding one-half acre of

ground in towns and cities and two acres of ground in the
country appurtenant thereto; household goods and other
personal property of a person with a family, not exceeding
two hundred and fifty dollars in value; crops grown in
the year in which the assessment is made and in the hands
of the producer; and all laws exempting or commuting
property from taxation other than the property above
mentioned shall be void. The General Assembly may au-
thorize any incorporated city or town to exempt manufac-
turing establishments from municipal taxation, for a peri-
od not exceednig five years, as an inducement to their lo-
cation." It is insisted for the church that the parsonage
is exempt under this section, on two grounds: First,
places actually used for religious worship, with the grounds
attached thereto, and appurtenant to the house of worship,
not exceeding one-half acre in cities and towns, are not
to be taxed; second, all parsonages or residences owned by
any religious society, and occupied as a home, and for no
other purpose, by the minister of any religion, are exempt.

1. The first ground has been often passed upon by the
court under provisions substantially the same as that
quoted. The use of the property, and not the ownership,
determines the question of exemption. Vail v. Beach,
10 Kan., 214. Business houses erected on the church lot
and rented out are not exempt. Orr v. Baker, 4 Ind., 86.
Parsonages are not exempt, although erected on a portion
of the church lot which would otherwise be exempt, and
occupied by the minister free of rent, if the language of
the exemption only includes places actually used for re-
ligious worship, with the grounds attached thereto, and
appurtenant to the house of worship. Methodist Episco-
pal Church v. Ellis, 38 Ind., 3; St. Mark's Church v. City

of Brunswick, 78 Ga., 541, 3 S. E., 561; St. Peter's Church
v. Scott Co. Com'rs, 12 Minn., 395 (Gil., 280); Hennepin
Co. v. Grace, 27 Minn., 503, 8 N. W., 761; First Presbyte-
rian Church v. City of New Orleans, 30 La. Ann., 259,
31 Am. Rep., 225; State v. Axtell, 41 N. J. Law, 119; Gerke
v. Purcell, 25 Ohio St., 248; Ramsey Co. v. Church of Good
Shepherd (Minn.), 47 N. W., 783, 11 L. R. A., 175; St. Joseph's
Church v. Assessors of Taxes, 12 R. I., 19, 34 Am. Rep.,
597.   The authorities on this point seem to be unanimous.
The taxation of all property is just.   Exemption from tax-
ation must not be enlarged by construction, for the pre-
sumption is that the State has exempted, in terms, all
the property it intended should escape taxation.  City of
Louisville v. Board of Trade, 90 Ky., 414 (12 R. 397) 14 S.
W., 408, 9 L. R. A., 629; Kilgus v. Orphanage of Good Shep-
herd, 94 Ky., 444 (15 R. 518) (22 S. W., 750) ; Cooley, Tax'n,
205. Under this rule, a church parsonage can not be included
under an exemption of "places actually used for religious
worship, with the grounds attached thereto and used
and appurtenant to the house of worship." It remains, there-
fore, to determine whether the parsonage in question is
exempt upon the second ground.

2. The parsonage, for years after it was constructed,
was used as a residence by the minister, but has not been
used by the present pastor, for the reason that he pre-
ferred to live elsewhere.   It has, therefore, been rented
out for $37.50 a month, and the question is whether the
property while it is so rented is included by the exemption
of "all parsonages or residences owned by any religious so-
ciety, and occupied as a home, and for no other purpose,
by the minister of any religion."  The property is not
occupied as a home by the minister.  It can not be said

that it is used for no other purpose, for it is in fact rented out for gain. If this parsonage, while it is so rented out, is exempt on the ground that the minister does not care to live in it, and that he prefers to receive the rent rather than the use of the property, the same rule would apply if the minister was not a housekeeper, or if he did not reside in the State at all, or if the church had no minister, and desired to rent out the house for the benefit of the future pastor that it might thereafter employ. When the framers of the Constitution undertook to define in exact terms what should be exempt we are not at liberty to add to the terms which they selected with so much care and precision. They saw fit to exempt only parsonages occupied as a home, and for no other purpose, by the minister of any religion; and, if we depart from the narrow limits of exemption which they have set, we in so far destroy that equality of taxation which they so laboriously aimed to attain. We therefore conclude that the learned circuit judge properly held the parsonage, while thus rented out, subject to taxation.

It is insisted that under section 4184, Kentucky Statutes, the sheriff is only authorized to institute the proceeding if he "believes he can not otherwise collect the tax." There is nothing in this case to show that the sheriff did not so believe. The presumption is that the officer did his duty. The taxes were past due. The taxpayer was denying liability, and we do not see that the officer had not just grounds for proceeding by garnishment.

Judgment affirmed.