## Calvary Baptist Church v. Milliken, et al.

(Decided May 28, 1912.)

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

1, Religious Societies—Assessment of Property Owned by—Exemptions—Constitutional Provision.—Where property owned by a church organization is not actually used for religious worship and is not used as a parsonage, nor occupied as a home by the minister, it does not come within the provisions of section 170 of the Constitution which exempts property of religious organizations from taxation.

2.  Same.—The lot not being used for the purpose contemplated in section 170 of the Constitution, the action of appellant to obtain relief from taxation was properly dismissed.

BENNETT H. YOUNG, MARION W. RIPY for appellant.

HARRIS FLEMING, CLAYTON B. BLAKEY and JOSEPH S. LAWTON for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This appeal is prosecuted by appellant for the purpose of obtaining relief from the payment of taxes on certain property in the city of Louisville. Upon a trial of the case in the lower court, it rendered an opinion which admirably and succinctly presents the facts of and the law governing the case, and we adopt it as the opinion of this court. The opinion is as follows:

"For a great many years, the plaintiff, a religious organization, has owned and used for church purposes a lot fronting 65 feet on the west side of Fifth street, near York street, together with the church building on the lot. On the northwest corner of Fifth and York streets, and adjoining on the south the lot just mentioned, is a lot 16 feet front and extending back that width 108 feet. There is a building on this latter lot three stories in front and two in the rear, the first floor of which is used as a store and the remainder for dwelling purposes. The church building and this latter building are so located with reference to each other that there is a space of but a few inches between the south wall of the former and the north wall of the latter. It becoming known to the congregation that the owner of the corner lot was considering the matter of adding more stories to his building, which additions would entirely exclude the light from the south windows of the church, the corner lot and building were bought by the trustees of the church some four or five years ago, with the intention of tearing down the building. This has not yet been done because, as explained by the pastor of the church in his deposition, the property, in its improved condition, yields a monthly rental which is being used to complete the payment of the purchase price, whereas if the building were removed this revenue would be lost. The front part of the building produces a rental of $42 a month, and the rear part is occupied as a dwelling by the sexton of the church and by one of its trustees, for which

part they pay the church $15 a month. No part of the property is used as a parsonage, as the pastor resides on another street in a house which he himself owns.

"In September, 1910, the corner lot was assessed for taxes for the year 1911, by the city assessor of Louisville. The present action was instituted by the church, which is incorporated, against the city and C. W. Milliken, as Tax Receiver, to enjoin the collection of the taxes, it being claimed that the lot is exempt from taxation. The city answered, denying the claim of exemption, and setting up its tax bill, made its answer a counterclaim and prayed judgment for the amount.

"The claim of exemption is based upon section 170 of the Constitution of Kentucky, which section, in so far as it applies to religious organizations, provides: 'There shall be exempt from taxation * * * places actually used for religious worship, with the grounds attached thereto and used and appurtenant to the house of worship, not exceeding one-half acre in cities and towns, * * * all parsonages or residences owned by any religious society, and occupied as a home, and for no other purpose, by the minister of any religion, with not exceeding one-half acre of ground in town and cities * * * appurtenant thereto.'

"It will be observed that the property in question does not come within the express terms of either of the foregoing grounds of exemption, for it is not 'actually used for religious worship,' nor is it used as a 'parsonage' nor 'occupied as a home, and for no other purpose, by the minister' of the plaintiff. Nevertheless, it is contended for the plaintiff that the property is exempt because, as urged by counsel, the lot in question comes within the description of 'ground attached thereto and used and appurtenant to the house of worship,' as prescribed in section 170, and also because the plaintiff was forced to buy the lot or suffer the shutting out of the light from its house of worship by the addition of the other stories to the building on the corner lot.

"By the phrase 'grounds attached thereto,' as employed in section 170, it seems to the court plainly was meant a yard or lawn, or that portion of the lot surrounding the house of worship not occupied by buildings —except perhaps outbuildings such as a coal house, etc. —but maintained chiefly for purposes of light, air, general attractiveness of appearance. The corner lot under consideration, while, according to the testimony, bought

to prevent further exclusion of light from the church building, and also with the intention ultimately or removing the building and making it a part of the yard surrounding the church, is not so used now, but for altogether different purposes.

"While light and air in a place of public worship are not only desirable, but in a certain amount absolutely essential, it does not seem to the court that the corner lot, in its present condition, can be said to be used by the plaintiff for those purposes primarily. The case of City of Henderson v. Strangers' Rest Lodge, 17 R., 1041, cited by counsel for the plaintiff, related to the exemption granted by section 170 'to institutions of purely public charity.' It is true that the Court of Apppeals held in that case (and it has laid down the same doctrine in several other cases), that the investment of a charitable organization, as well as its plant are exempt, but that court has given to the language of the section relating to religious organizations a more restricted scope than those relating to charitable institutions and educational institutions, basing the distinction upon the difference in the language of the parts of section 170 governing the respective exemptions. For example, in the case of Commonwealth v. Thomas, 119 Ky., 208, the court said:

" 'Construing sections 5, 189 and 170 of the Constitution in pari materia we are irresistibly forced to the conclusion that places "actually used for religious worship, with the grounds attached thereto" and used and appurtenant to the house of worship, not exceeding one-half acre in cities and towns, and not exceeding two acres in the country; "all parsonages or residence owned by any religious society, and occupied as a home, and for no other purpose, by the minister of any religion, with not exceeding one-half acre of ground in towns and cities and two acres of ground in the country appurtenana thereto," constitute all church property which it is the purpose of that instrument to relieve from the burden of taxation.

" 'If such property as the trust involved herein is exempt as a "purely public charity," there is no necessity for the specific exemption in section 170 for, if the language "purely public charity" embraces any part of the property of a sectarian denomination, it embraces it all, and it is, therefore, entirely to specify the exemption of a house of worship, and the par-

sonage, if all church property is exempt under the general expression "purely public charity." '

"Again, in the case of Commonwealth v. Young Men's Christian Association, 116 Ky., 711, the court said:

" 'We have no hesitancy in declaring that appellee, in the use of their buildings as places actually used for religious worship are exempted from taxation thereon, as being clearly within the letter and intent of section 170 of our Constitution. But if the society owns other property, not actually used as a place for religious worship, of if it owns property so used, but in excess of the quantity exempted by that clause of the Constitution which has been quoted, or if some part of its building is used distinctly for other purposes, such excess would be liable to taxation as other property, without regard to its ownership, unless by some other provision of the Constitution it was exempt, which brings us to consider appellees' claim that they are an institution of purely public charity.'

"In the case of Broadway Christian Church v. Commonwealth, 112 Ky., 448, it was held that a parsonage, which was not occupied by the minister but rented to another, was not exempt, although the rent derived from the parsonage was paid to the minister. Construing section 170, the court said:

" 'The use of property, and not the ownership, determines the question of exemption. Vail v. Beach, 10 Kan., 214. Business houses erected on the church lot and rented out are not exempt. Orr v. Baker, 4 Ind., 86. Parsonages are not exempt, although erected on a portion of the church lot which would otherwise be exempt, and occupied by the minister free of rent, if the language of the exemption only includes places actually used for religious worship, with the grounds attached thereto, and appurtenant to the house of worship. (Citing many cases.) The court further said in that opinion:

" 'When the framers of the Constitution undertook to define in exact terms what should be exempt we are not at liberty to add to the terms which they selected with so much care and precision. They saw fit to exempt only parsonages occupied as a home, and for no other purpose, by the minister of any religion; and, if we depart from the narrow limits of exemption which they have set, we in so far destroy that equality of tax-

ation which they have so laboriously aimed to attain. We, therefore, conclude that the learned circuit judge properly held the parsonage, while thus rented out, subject to taxation.'

"In view of the interpretation of section 170 given by the Court of Appeals in the cases referred to, this court is of the opinion that the plaintiff is not entitled to the exemption claimed. It follows that the petition must be dismissed, and that the defendant be given judgment on its counterclaim, and it is so ordered."

For the reasons stated above, the judgment of the lower court is affirmed.