STATE v. METHODIST EPISCOPAL
CHURCH, SOUTH, et al.

(Court of Civil Appeals of Texas. Austin.
Jan. 21, 1914.)

TAXATION (§ 244*) — EXEMPTION — CHURCH
PROPERTY.

Property which forms part of the property of a church used as an actual place of public worship, and which is necessary for the proper occupancy, use, and enjoyment of the property used exclusively for public worship, and is owned by a religious organization and an institution of purely public charity, and has never been leased or otherwise used with a view to profit, is exempted from taxation under Rev. Civ. St. 1911, art. 7507.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 405–414; Dec. Dig. § 244.*]

Appeal from District Court, Lampasas County; John D. Robinson, Judge.

Action by the State against the Methodist Episcopal Church, South, and others to recover taxes. From a judgment for defendants, plaintiff appeals. Affirmed.

B. F. Looney, Atty. Gen., and W. A. Keeling, Asst. Atty. Gen., for the State. M. M. White, H. F. Lewis, and W. B. Abney, all of Lampasas, for appellees.

KEY, C. J. The state of Texas, acting by the county attorney of Lampasas county, brought this suit against the Methodist Episcopal Church, South, at Lampasas, Tex., and certain officers or trustees of that church. The purpose of the suit was to recover certain state and county taxes alleged to be owing and due by the church upon three lots, situated in the town of Lampasas, and to foreclose an alleged lien.

The defendants filed an answer which contained a general demurrer, a special exception, a general denial, and a special answer, which contained the following averments: "And, further answering herein, defendants say that the Methodist Episcopal Church, South, is a religious organization and an institution of purely public charity, and the sole aim and object of said church is to promulgate and advance the Christian religion,

and to do good of every possible sort, as far as possible, to all men, to their bodies, by giving food to the hungry, by clothing the naked, and by teaching or helping the sick, to their soul, by teaching and instructing in the Christian religion; and in carrying out these purposes it is necessary to have a pastor at the different towns where there is a local organization of said church to act as a leader in carrying out the purposes of said organization. This pastor is appointed in accordance with the rules of said church and the Annual Conference within whose bounds such church is located, and said pastor depends on voluntary contributions for his financial reward or compensation, and renders said service without having any contract by which he could recover pay for said services if the membership of said church should fail to contribute anything towards his support; and the premises described in plaintiff's petition were purchased and paid for by voluntary donations, and were conveyed to certain trustees and to their successors in office who might be appointed from time to time by the Quarterly Conference of the Methodist Episcopal Church, South, at Lampasas, Texas, and said property by the terms of said deed to be held, used, and disposed of by said trustees and their successors in office as a place of residence for the pastor of the Methodist Episcopal Church, South, at Lampasas, Texas, who should from time to time be stationed at Lampasas, Texas, by the Annual Conference of the M. E. Church, South, within whose bounds said property is located. Defendants represent that ever since the purchase of said property on December 20, 1904, the same has been exclusively used by the pastors of said church designated by the Annual Conference of said church to reside there, and has not at any time since the same was so conveyed to the Methodist Episcopal Church, South, been leased or otherwise used with a view to profit. Defendants further represent that the entire life and labor of the pastors of said church, who occupy said property, are given exclusively in building up the societies of said church, and promoting the charitable purposes aforesaid, preaching the gospel, and administering the sacraments, and their financial reward or compensation is dependent solely upon voluntary contributions and voluntary aid, and said property forms a part of the property of said church used as an actual place of religious worship, and the same is necessary for the proper occupancy, use, and enjoyment of its houses and grounds used exclusively for public worship. Wherefore, defendants say that, under the Constitution and laws of this state, said property is claimed to be exempt from taxation, and of this they put themselves upon the country."

There was a nonjury trial, which resulted in a judgment for the defendants, and the

state has appealed. The decree recites that "it was agreed by the plaintiff and defendants that the plaintiff is entitled to recover the taxes claimed in its petition and the costs and penalties as alleged, and have a foreclosure of the tax lien as claimed in plaintiff's petition, unless the facts set forth in the defendants' answer show a sufficient and valid defense to said claim of plaintiff for taxes; it being admitted in open court that the facts as alleged in defendants' answer are true."

Article 7507, Rev. Stat. 1911, prescribes what property shall be exempt from taxation, among which is houses used exclusively for public worship, and the grounds attached to such buildings necessary for the proper occupancy, use, and enjoyment of the same, and not leased or otherwise used with a view to profit, etc. Also all public buildings belonging to institutions of purely public charity, together with the lands belonging to and occupied by such institutions, not leased or otherwise used with a view to profit, etc.

The Attorney General's department has filed an interesting brief in support of the contention that the property is not in fact either a place used exclusively for public worship or a building belonging to an institution purely of public charity. In view of the admissions which were made by the state in the trial court, we think the questions discussed are abstract and academic, and we decline to express any opinion concerning them. If the state ever had any case, we think it was swept away and destroyed when it admitted that the property in question forms a part of the property of the church, used as an actual place of religious worship, and was necessary for the proper occupancy, use, and enjoyment of its houses and grounds, used exclusively for public worship, and that the church which owned the property is a religious organization and an institution of purely public charity, and the property had never been leased or otherwise used with a view to profit. These admissions brought the case fully and clearly within the purview of the exemption statute, and therefore the trial court rendered the proper judgment, and this is especially true as to the charity feature of the case. The pleadings and admissions brought the case clearly within the provision of article 7507, relating to charitable institutions.

It is not contended on behalf of the state that the provisions of the statute referred to extend beyond and are not authorized by the provision of the Constitution which authorizes the Legislature to provide exemptions from taxation, and therefore we do not feel called upon to determine the constitutionality of the statute.

No error has been shown, and the judgment is affirmed.

Affirmed.