

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable David J. Morris
County Attorney
Brown County
Brownwood, Texas

Dear Sir:

Attention: Mr. Conner Scott,
Assistant County Attorney

Opinion No. O-5114

Re: (1). Whether The Brownwood Memorial
Hospital, Inc., is exempt from
taxes on their real and personal
property on the grounds of being
a charitable institution.

(2) In case such property is exempt,
should the 1942 taxes already paid
be refunded?

We have received and duly considered your request for
the opinion of this department as to whether certain property
belonging to The Brownwood Memorial Hospital, Inc., is exempt
from taxes on its real and personal property.

In your letter of February 15, 1943, there are set
forth excerpts from the charter of the corporation showing it
to be a charitable organization, not organized for profit, and
having no capital stock. After our request for additional in-
formation, we received your letter dated May 15, 1943, a portion
of which we now quote:

"The property inquired about is used exclusively by
The Brownwood Memorial Hospital.

"The Institution does not rent offices to doctors
or to any other organization, and has no income of any
type from the property, other than patients who are able
to pay.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable David J. Morris, page 2

"The property inquired about is the property upon which the hospital building is located, and no other property is in question. The Hospital plant and grounds is the property in question.

"No one receives any profit from the operation of the Brownwood Memorial Hospital. The doctor's connected therewith draw nothing from the hospital, and have never received any compensation therefrom, and there has never been any dividend of any kind declared; and no one expects to draw or receive anything from the operation of the hospital."

You have stated that the property inquired about is used exclusively by the corporation. We therefore assume that the doctors connected with the institution are not assigned offices in the building, where they conduct their private practice rent free, in return for services rendered. The requirement of exclusive use is not satisfied in such a case, even though those sharing the use pay no rent. Red v Johnson, 53 Tex. 288; City of Longview v. Markham-McRee Memorial Hospital, 137 Tex. 178, 152 S. W. (2d) 1112. We also further assume that the actual operation of the institution is in accordance with its charter provisions.

Two questions may be raised as to the charitable nature of the institution concerned here: First, can an institution be one of charity when its incorporators are doctors, who apparently as a group may minister to the sick to the exclusion of other doctors? Second, can the institution be declared charitable if upon dissolution the doctors concerned are to receive its assets?

The charters of the Santa Rosa Infirmary and of the institution concerned here are almost identical, and these very questions were raised by the Court of Civil Appeals in City of San Antonio v. Santa Rosa Infirmary, 249 S. W. 498, at page 505. The intermediate court was reversed upon appeal, Santa Rosa Infirmary v. City of San Antonio, 259 S. W. 926, in a decision by the Commission of Appeals adopted by the Supreme Court. It was apparent from the charter of the Santa Rosa Infirmary that only the Sisters of Charity of the Incarnate Word could administer to the sick, etc., and we are unable to distinguish such a situation

Honorable David J. Morris, Page 3

from the one presented here. We therefore believe that the Supreme Court has by its decision overruled the first objection.

Relative to the second objection noted above, we find the following language used by the Commission of Appeals at page 935:

"The corporations here were not organized for profit. They have no capital stock--no private or corporate gain can accrue. By their very incorporation for purely charitable and benevolent purposes they have made a contract with the state and with t.e beneficiaries named in the charters effectually constituting those in charge of the enterprise trustees of an express trust, and their charters in their last analysis and in their legal effect become declarations of trust. It would serve no useful purpose to quote from the numerous authorities sustaining this view, but the following are cited: Amer. & Eng. Ency. of Law (2d Ed.) 898; Linton v. Brown's Adm'rs (C.C.) 20 Fed 455; 2 Moravetz on Corporations |1046; 1 Perry on Trusts (6th Ed.)| 82.

"By article 1136 of the Revised Statutes any renewal of their corporate existence must continue the purposes originally stated.

"Any beneficiary of the trust created by the charters could prevent, and so might well the representatives of the state government enjoin, a use or appropriation of the trust estates of the corporations for purposes of private gain or those inconsistent with their charter provisions. Cook on Corporations, vol. 2| 492; Dartmouth College v. Woodward, 4 Wheat. 518, 4 L. Ed. 629; 2 Perry on Trusts (6th Ed.)|| 732-734; Atty. Gen. V. Garrison et al., 101 Mass. 233; Parker, etc.; v. May et al., 5 Cush. (Mass.) 336."

In view of the above language, it would seem that the public and the State of Texas are well protected from a dissolution of a charitable corporation which might redound to the benefit of its incorporators and members.

Upon the facts presented, we hold the real estate belonging to The Brownwood Memorial Hospital, Inc., tax exempt. It should be understood, however, that the presence of new facts or conditions arising in the future, might change its exempt status.

However, a different situation exists with respect to personal property belonging to the institution. Article VIII, Section 2, of our Constitution only permits the legislature to

exempt "institutions of pur ly public charity".  This portion of the Constitution is not self-enacting, and since Article 7150(7) V. A. C. S., only exempts the buildings and grounds occupied by charitable institutions, it is our opinion the personal property is liable for taxes.  See Davis v. Santa Rosa Infirmary, (Civ.App) 22 S. W. 125.

We next consider the refund of real estate taxes by the various taxing authorities.  In this connection, you make the following statement:

"The corporation did not render its real estate for the year 1942, but had been paying the taxes by the month to a loan company carrying a previous loan, and this loan company before February 1, 1943, paid to the various taxing units of Brownwood and Brown County taxes assessed against property of The Brownwood Memorial Hospital Inc. on the unrendered rolls."

Whether the loan company be regarded as having paid the taxes as agent of the institution, or under the powers given it by contract, the result is that the taxes were paid voluntarily.  The mistake made was as to tax liability, which is a mistake of law.  Taxes paid voluntarily through mistake of law are not recoverable.  National Biscuit Co. v. State, 134 Tex. 293 135 S. W. (2d) 687; Austin National Bank v. Sheppard, 123 Tex. 272, 71 S. W. (2d) 242; City of Houston v. Feizer, 76 Tex. 365, 13 S. W. 255; Frost v. Fowlerton Consolidated School Dist. No. 1, (Civ. App) 111 S. W. (2d) 754.

Although the question of tax liability is one of law, if there has been a mistake of fact in connection with the payment of these taxes, we believe the institution still not entitled to a refund.  In this State, the burden is upon one claiming exemption from taxation to show himself clearly within the statutory or constitutional exemption.  McCallum v. Associated Retail Credit Men of Austin, (Comm. App.) 41 S.W. (2d) 45; B. P. O. E. Lodge v. City of Houston, 44 S. W. (2d) 488,

writ of error refused; Trinity Methodist Episcopal Church v.
City of San Antonio, 201 S. W. 669, writ of error refused.
The officers of the corporation knew all the facts establishing
its rights to the tax exemption.  In our opinion, their negli-
gence in not bringing these facts to the attention of the taxing
authorities, and in not claiming the exemption, bars the insti-
tution from recovering the taxes paid even though they may have
been paid under mistake of fact.  See City of Houston v. Feizer,
supra.

We trust the above sufficiently answers your request.

APPROVED JUN 3, 1943

ASSISTANT
TO CITY GENERAL

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By **Woodrow Edwards**
**Woodrow Edwards**
**Assistant**

WE:ned