## DAVIS v. UPRIGHT ET AL.

PRACTICE IN THE SUPREME COURT: APPEAL: JURISDICTION.

*Appeal from Butler Circuit Court.*

SATURDAY, JUNE 19.

*J. H. Scales*, for appellants.

*Hemenway & Polk*, for appellee.

ROTHROCK, J.—Action of replevin to recover a well-auger, and certain other personal property, being in the aggregate of the alleged value of $110, and of which plaintiff claimed to be the owner. The defendant Upright answered, in substance, that he was a constable, and that he levied an execution on said property, which execution issued upon a judgment in favor of his co-defendant Whalley, and against one Caldwell. That Caldwell was the owner of said property when the levy was made. There was a trial by jury, and a verdict and judgment finding that the plaintiff was entitled to the possession of the property. It appears from the answer of Whalley that the amount due on the execution held by him, including costs and accruing costs, was $58.89. The plaintiff having taken the property on the writ of replevin, the defendant asked judgment for the amount of the execution, the same being the extent in value of the interest which he claimed in the property. The defendant appeals, and insists that he should have had a judgment for a return of the property, or for the amount of the execution.

Counsel for appellee make the point that the appeal should be dismissed because the amount in controversy, as shown by the pleadings, was less than $100, and no certificate was made by the trial judge as provided in section 3173 of the Code. We think the position is well taken. The defendant claimed no right to the property except such as was based upon the execution, and the amount in controversy was the sum due on the execution, and no more. If the defendant had succeeded, he could have recovered a judgment for no more. If he had elected to have had the property returned, the extent of his interest would have been the amount of the execution, and a judgment for the return of the property could have been discharged by paying that amount, because he was not the owner; but had, if anything, a lien only to the extent of the amount due on the execution.

APPEAL DISMISSED.