CASE 76—PETITION EQUITY—JUNE 1.

## Kilgus, &c. v. Trustees of Orphanage of Good Shepherd, &c.

## Kilgus, &c. v. Trustees of Church Home, &c.

94  439
e108  355

94  439
112  453

APPEALS FROM LOUISVILLE CHANCERY COURT.

EXEMPTIONS FROM TAXATION.—A statute should never be so construed as to exempt a particular person from taxation for any purpose, unless the language used clearly and expressly requires it to be done.

A provision in the charter of an orphan asylum exempting its property "from assessment and taxation under the revenue laws of the Commonwealth, or under any ordinance, resolution or other act of the city of Louisville," does not give exemption from local assessments to pay the cost of street improvements.

H. M. LANE FOR APPELLANT.

1. The exemption claimed is without consideration, and, therefore, unconstitutional. (St. Mary Industrial School v. Brown, 45 Md., 328; Commonwealth v. Masonic Temple Co., 87 Ky., 356; Gordon v. Winchester, 12 Bush, 114; Barbour v. Louisville Board of Trade, 82 Ky., 645; Burroughs on Taxation, sec. 25; Cooley on Taxation, pp. 88, 89; Philadelphia v. Wood, 39 Pa. St., 82; 11 Ky. Law Rep, 838; Cooley on Taxation, p. 107; Sharpless v. Philadelphia, 21 Pa. St., 147; 69 Pa. St, 352; 1 Hill, 50; 11 Pick., 396; 16 Mich., 209; 22 Wis., 660; 64 Ill., 427; 6 N. J., 352.)

2. Even if the exemption is valid, it does not apply to local assessments for street improvements. (Broadway, &c., v. McAtee, 8 Bush, 518; Loeser v. Redd, 14 Bush, 23; Elliott on Roads and Streets, 376.)

H. S. BARKER OF COUNSEL ON SAME SIDE.

Kilgus, &c. v. Trustees of Orphanage of Good Shepherd, &c.

STROTHER & GORDON for appellees.

The defendants being charitable institutions, the exemption is valid, and it applies as well to local assessments for street improvements as to any other form of taxation. (Commonwealth v. Masonic Temple Co, 87 Ky., 356; Lancaster v. Clayton. 86 Ky, 376, 379; Barbour v. Louisville Board of Trade, 82 Ky., 654; Burroughs on Taxation, p. 25; Zable v. Baptist Orphans' Home, 92 Ky., 89.)

JUDGE LEWIS delivered the opinion of the court.

These two actions, brought by appellant against appellees respectively, were tried and determined by the lower court together, as will be done on this appeal. The object of each is enforcement of a lien on a lot of land for proportionate cost of improving an adjacent street by appellant in pursuance of an ordinance of the general council, and under contract with the city of Louisville. There is no question made in either action about his compliance with terms of that contract, nor as to correctness of the amounts assessed and fixed; but the ground relied on as defense in each case is exemption from such assessment existing in virtue of special acts of the General Assembly.

It appears that in 1858 H. P. Johnston conveyed to W. Cornwall and others, in trust, a lot upon which to establish an orphan asylum, to be used as a free home for educating and instructing indigent orphan boys in useful arts and trades. And in 1872 "An act to incorporate the trustees of the Orphanage of the Good Shepherd in the city of Louisville" was passed, whereby W. Cornwall and others, then trustees under the deed mentioned, were declared a body-corporate, to whom the several county courts of the Commonwealth were authorized to bind orphans upon terms agreed to. Section 6 of that act is as follows: "That

all property now held for the benefit of said orphanage, and all which hereafter may be so held, shall be, and the same is hereby, exempted from assessment and taxation under the revenue laws of the Commonwealth, or under any ordinance, resolution or other act of the city of Louisville, and all such property is hereby freed from future charge and payment of taxes to the State and to the city."

In 1872 John P. Morton conveyed to James Craik and others a lot upon which were to be erected buildings suitable for a church home for females, an infirmary for females, an infirmary for males and a chapel; and subsequently "An act to incorporate the Church Home for Females and Infirmary for the Sick" was passed, whereby James Craik and others were created a body-corporate. Section 3 of that act is in the same language as section 6 of the first mentioned act just quoted, differing from it only in application.

The two institutions thus created being manifestly intended for purposes of purely public charities, were, by section 9, article 1, chapter 92, General Statutes, independent of the special acts, exempted from taxation for governmental purposes, as well of the city of Louisville as of the Commonwealth. But taxation for ordinary purposes of government does not properly comprise local assessment for construction of a street, and as a consequence exemption by statute from the first does not necessarily or properly involve exemption from the latter. Accordingly, in Broadway Baptist Church v. McAtee, 8 Bush, 508, it was held that exemptions made in the General Statutes in favor

of church property apply only to taxation for general purposes of government, State, county and municipal, and that, therefore, property of that church was liable for payment of its proper proportion of cost of constructing the particular street there in question.

In Zable v. Louisville Baptist Orphans' Home, 92 Ky., 89, the appellant, a contractor, sued to enforce a lien on property of appellee for its proportion of the cost of constructing an adjacent alley, from which the latter claimed exemption in virtue of a special act of the Legislature. In that case the following extract from Burroughs on Taxation, (p. 461), was quoted and approved: "The word tax or taxes does not include local assessments, unless there be something in the statute in which it is found to indicate such an intention. The question frequently arises in the construction of statutes exempting persons or corporations from payment of taxes, and the almost unbroken current of authority is that such expression does not include local assessment."

The question, therefore, in this case is, whether the two acts relied on by appellees respectively, were intended by the Legislature to exempt their property from local assessment.

In Zable v. Louisville Baptist Orphans' Home, the provision of the special act is as follows: "The property, money, estate and rights of said corporation shall be exempt from all taxation whatever." But it was there held the word tax did not embrace local assessment, and that something more was needed to show such was the legislative intention.

The language of the two acts we are considering is,

however, somewhat different from that of the act just
mentioned; for it is in both of them provided the
property shall be exempt from *assessment* and taxa-
tion under revenue laws of the Commonwealth, and
also under ordinances of the city of Louisville. But
the word "assessment," which means laying a tax
or determining the share of tax to be paid by each
individual, relates as well to taxes for support of
government, as to taxes, or rather enforced contribu-
tions, for construction of streets or other local im-
provements; for the act of assessing must precede
collection in either case. It does not, therefore,
seem to us that the word assessment, used as it
is in the two special statutes, without qualification
or explanation, necessarily or fairly indicates legis-
lative intention to exempt the property of appellees
from any other than ordinary taxation for support
of the State and municipal governments. And not
being clearly and expressly exempted from due pro-
portion of the cost of constructing adjacent streets,
it can not be held so exempt without violating a
well established rule of construction. For as said
in Sedgwick on Statutory and Constitutional Law,
344, statutes under which exemptions from common
burdens are claimed "are regarded with a jealous eye
and strictly construed."

In support of the construction we have given the
two statutes in question, we cite the case of The
State, &c., v. The Mayor and Common Council of
Newark, 35 N. J. Law, 157. There the Protestant
Foster Society claimed exemption from the cost of
constructing or improving streets under its charter,

by which it was enacted, that the property of the society "shall not be subject to taxes or assessments," which is nearly the same language used in the two statutes we are considering. But the court in that case held that the word "taxes" must, in the absence of any clear indication to the contrary, be understood to refer exclusively to the ordinary public taxes; and that the word "assessments" has reference to burdens of the same general character as those expressed in the word "taxes," and was not intended to include local assessments for municipal purposes.

In our opinion a statute should never be so construed as to exempt a particular person or corporation from taxation for any purpose, whereby the burden falls so much heavier on others having no greater interest at stake or duty to perform, unless the language used clearly and expressly requires it to be done. In these cases it may be fairly presumed that if the Legislature had intended to exempt the property of appellees from the cost of local improvements, it would have been plainly and fully indicated by additional or other words than the single and insufficient term "assessment."

Whether the two statutes would be valid if susceptible of the construction contended for by appellees is a question we need not determine, because we think the exemption claimed was not granted.

Wherefore, the judgment in each case is reversed, and cause remanded for proceedings consistent with this opinion.