CASE 44—ACTION FOR INJUNCTION TO RESTRAIN THE COLLECTION OF TAXES—APRIL 20.

## City of Middlesboro, &c., v. New. South Brewing & Ice Co.

APPEAL FROM WHITLEY CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS—REVERSED.

MUNICIPAL TAXATION—EXEMPTION OF MANUFACTURING ESTABLISHMENT.

Held:   1. Where a corporation located its plant in a city under a city charter granting it certain exemptions from taxation, the State can not withdraw the exemption as to that corporation.

2. Section 170, Kentucky Constitution, authorizing any incorporated city or town to exempt manufacturing establishments from municipal taxation for not exceeding five years "as an inducement to their location," and section 3490, Kentucky Statutes, providing that the board of council of a city of the fourth class may, by an ordinance, exempt manufacturing establishments and the machinery from taxation for a period not exceeding five years "from the establishment in said city," do not authorize the granting

of the exemption to institutions already established, and the exemption can not apply to one which has been operated for several years although only partially established.

3. Exemptions from taxation are regarded in derogation of common right and therefore are not to be extended beyond the exact and express requirements of the statutes strictly construed.

4. The tax collector was properly enjoined from levying upon plaintiff's real estate before he had exhausted the personal property.

T. G. ANDERSON, ATTORNEY FOR APPELLANT.

1. Under an ordinance of the city which provides that all manufacturing establishments, and their machinery shall be exempt from municipal taxation for a period of five years from the time of their establishment in the city, the plaintiff is exempt from city taxes for said period.

2. The appellee was not prejudiced by any action taken by the board of supervisors of the city.

3. If appellee has any right of exemption from taxation by appellant for the year 1894, it has so completely failed to show it that this court should reverse the judgment of the lower court. Sections 3 and 170, Kentucky Constitution; Sections 3490 and 3542, Kentucky Statutes; Board of Council of Frankfort v. Mason Foard & Co., 18 Ky. Rep., 545.

G. W. SAULSBERRY, ATTORNEY FOR APPELLEE.

1. The city ordinance, under which appellant claims to be exempt, does not apply to appellee and was never so intended. Sections 3 and 170, Kentucky Constitution, and sub-sec. 32; Section 3490, Kentucky Statutes; Section 116, Original Charter City of Middlesboro; Vol. 1, page 688, acts 1899 and 1890; 6 Cranch, 87; Bailey v. Com., 11 Bush, 691; Collins v. Henderson, 11 Bush, 74; Galloway v. Webb, Hardin, 325.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

By the original charter of the city of Middlesboro, which became a law March 14, 1890 (Sess. Acts 1889-90, vol. 1, p. 688, section 116), it was provided: "The provisions of this charter as to *ad valorem* taxation shall not apply to any tools or machinery belonging to manufactories or to any raw material for manufacture or goods manufactured in said city, for a space of five years from

the passage of this act; but the same shall be. exempt for that period." The appellee, New South Brewing & Ice Company, located at Middlesboro, and was assessed for the years 1891, 1892, and 1893 on its property which was not exempted from taxation by the above provision. These taxes it paid. It was then assessed in the same way for the year 1894, and, refusing to pay the taxes, brought this suit to enjoin their collection, after the tax collector had made a levy upon its real property therefor. Its claim is that it is exempt from taxation altogether by the laws now in force. The Constitution of the State, adopted in September, 1891, provides: "The General Assembly may authorize any incorporated city or town to exempt manufacturing establishments from municipal taxation for a period not exceeding five years as an inducement to their location." Section 170. Pursuant to this provision of the Constitution, section 3490, Kentucky Statutes, governing cities of the class to which Middlesboro belongs, was enacted, providing: "The board of council may by an ordinance exempt manufacturing establishments and the machinery from taxation for a period not exceeding five years from the establishment in said city." Under this authority, the board of council of Middlesboro, on January 29, 1894, made the following ordinance: "Be it ordained by the board of council of the city of Middlesboro first, that all manufacturing establishments and the machinery connected therewith shall be exempt from municipal taxation for a period of five years from the time of their establishment in said city; second, all ordinances or parts of ordinances in conflict herewith are hereby repealed; third, this ordinance shall take effect from and after its passage and publication." It will be observed

that this is a different exemption from taxation than that conferred by the original charter. The original charter exempted only the tools or machinery or raw material for manufacture or goods manufactured in the city. The ordinance, however, exempts the manufacturing establishments and the machinery connected therewith. The exemption under the original charter was for five years from the passage of the act. The exemption under the ordinance is for five years from the time of the establishment of the manufactory in the city.

It is insisted for appellee that the exemption under the original charter ceased with the adoption of the present act for the government of cities of this class, and that by virtue of this act it is entitled to an exemption of all its property for five years; it being only partially established at the time the ordinance above quoted was passed. It is insisted, however, for the city, that the constitutional provision, as well as the statute and ordinance made by virtue of it, are prospective in their operation, and do not refer to manufactories already established in the city. After appellee located its plant at Middlesboro, and acted on the original charter granting it a certain exemption from taxation for five years, the State could not withdraw the exemption, to its prejudice. Com. v. Burnside & C. R. Co., 95 Ky. 60, [23 S. W. 868;] 12 Am. & Eng. Enc. Law (2d Ed.) p. 385. The appellee is therefore entitled to the exemption conferred by the original charter for the five years therein provided for.

But it does not follow that it is also entitled to the additional exemption provided for under the new law for the government of the city. The Constitution authorizes this exemption to manufacturing establishments, "as an inducement to their location." The statute empowered

the council, by ordinance, to exempt such an establishment and the machinery from taxation for a period not exceeding five years from its establishment in the city. The ordinance also only grants the exemption to them "from the time of their establishment in said city." It is well settled that exemptions from taxation are regarded in derogation of common right, and therefore are not to be extended beyond the exact and express requirements of the language used, construed *strictissimi juris*. Railroad Co. v. Thomas, 132 U. S. 174, (10 Sup. Ct. 68), (33 L. Ed. 302). Or, as this court said in Kilgus v. Orphanage, 94 Ky. 444, (22 S. W. 752): "A statute should never be so construed as to exempt a particular person or corporation from taxation for any purpose, whereby the burden falls so much heavier on others, having no greater interest at stake or duty to perform, unless the language used clearly and expressly, requires it to be done." Authority to exempt manufacturing establishments, "as an inducement to their location," can not naturally refer to establishments already located. The statute was made under this power, and by its terms refers to power to be exercised by the city in the future. The words, "from the establishment in said city," like the other things named in the section, which compromises thirty-four subdivisions, naturally refer to a future establishment; and when construed strictly, as they must be under the rule above referred to, can not be given any other meaning. It follows, therefore, that appellee is not entitled to any further or additional exemption by reason of the ordinance adopted January 29, 1894, and must pay taxes for the year 1894 just as it did for the preceding years.

The board of supervisors had no power to determine whether appellee's property was subject to taxation, and

the fact that it at one time concluded that it was not subject, and afterwards decided to take no action in the matter without notice to appellee, was immaterial.

It appears from the record that appellee has within the city $9\frac{9}{10}$ acres of land, valued, with the improvements, at $20,000, and personal property valued at $500. It also appears that the collector, when enjoined, had levied upon the real property, machinery, and manufacturing plant, and was proceeding to sell same. This was unwarranted, as he had no authority to levy upon the realty without exhausting the personal property, and to this extent the injunction was proper. But so much of the judgment as enjoined the city or its officers from collecting the tax for the year 1894 was erroneous.

The fact that appellee had only partially established, though it had for several years operated, its establishment, did not affect its liability.

Judgment reversed, with directions to the court below to enter a judgment discharging the injunction enjoining the city or the tax collector from collecting or attempting to collect from appellee municipal taxes on its manufacturing establishment or plant for the year 1894, and adjudging all its property liable to assessment and taxation for municipal purposes for the year 1894, except the tools and machinery belonging to the manufactory, raw material for manufacture or goods manufactured in the city, and for further proceedings not inconsistent with this opinion.