## Commonwealth, By, &c. v. Alford's Executor.

(Decided February 20, 1920.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Second Division).

1. Statutes—Construction.—The rule that statutes should be construed in pari materia is one of construction only, and should not be applied where the intention of the legislature is clear and free from doubt.

2. Statutes—Construction of Statutes Exempting Property from Taxation.—Statutes exempting property from taxation, or having that effect, should be strictly construed, and the exemption not allowed unless it clearly and convincingly appears to have been the intention of the legislature.

3.   Statutes—Construction of Statute Exempting Property from Tax-
     ation.—The proviso to section 6, chapter 11, Acts Special Session
     1917 (being a part of section 4019a-12 of vol. 3 Kentucky Statutes)
     exempting property mentioned in the section from retroactive
     assessment, if assessed in the year 1917, has no application to
     the assessment of omitted bank deposits, although such deposits
     might for some purpose be construed as accounts and credits.

ROWAN HARDIN for appellant.

DODD & DODD and WEHLE & WEHLE for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The questions involved on this appeal grow out of the effort by the Commonwealth of Kentucky, through its revenue agent, Walter M. Byars, in the county court of Jefferson county, to assess for taxation for the years 1912 to 1916 inclusive as omitted property, certain speci-fied bank deposits which Amelia Alford, deceased, had to her credit in various banks of the city of Louisville on the assessing dates for the years mentioned, and which it is alleged she did not assess with the proper au-thority for either of the years. The appellee, Robert G. Alford, is the executor of the will of the deceased, and it is alleged by the revenue agent that the omitted prop-erty sought to be assessed was in the aggregate of the fair cash value of $11,100.00.

The first paragraph of the answer corrected some of the items alleged to have been omitted, but admitted the failure to assess for taxation for the years mentioned substantially the sums alleged. In another paragraph it was averred that the banks which held the deposits sought to be retroactively assessed had, on September 1, 1917, reported them to the Auditor of Public Accounts, and between that time and September 21, 1917, they paid to the Auditor one-tenth of one per cent of the deposits in full of all taxes due thereon, and that under the pro-viso to section 4019a-12, vol. 3 of the Kentucky Statutes, 1918 edition, the described property was exempt from retroactive assessment. A demurrer was filed to that paragraph and was overruled, resulting in a dismissal of the proceeding upon a failure of the Commonwealth to plead further. An appeal was taken from the judg-ment of the county court to the circuit court, with a like result, and this appeal calls in question the propriety of the judgment of the circuit court.

The amendment to section 171 of the Constitution permits the legislature to classify property for purposes of taxation, but provides that the taxes shall be uniform upon all property of the same class. Pursuant to the authority therein conferred, the legislature at the special session of 1917, called by proclamation of the Governor for the purpose, enacted a system of revenue laws for the Commonwealth, which consisted of a number of separate and distinct acts relating to different classes of property. One of those acts was chapter 4 of the acts special session 1917, page 27 (now sections 4019a-1 to 4019a-4 inclusive, of the Kentucky Statutes). By the terms of that act deposits in banks and trust companies were made a distinct and separate class of property for the purposes of taxation. The rate was made uniform and was fixed at the nominal sum of one tenth of one per cent.

Another separate act passed at the same session (being chapter 11 of the 1917 special session acts, page 44), provided for the assessment of a tax rate of forty cents upon each one hundred dollars' worth of property mentioned in the act, but excluded from local taxation some of the property therein mentioned, among which was "money in hand, notes, bonds, accounts, and other credits, whether secured by mortgage, pledge or otherwise, or unsecured."

The first part of section 6 of this latter act (to which we shall hereafter refer as chapter 11) provides for the retroactive assessment of any property thereby required to be assessed, for penalties, etc., and then follows this proviso (which is now contained in section 4019a-12 of the third volume Kentucky Statutes):

"Provided, further, that after September 1st, 1917, no action shall be commenced nor proceeding taken on behalf of the State or any county, city, town, or taxing district to assess for taxation for any period prior to September 1st, 1917, any personal property described in this section required to be listed for taxation which had theretofore been omitted, or which may be claimed to have been omitted, if such property has been so listed for taxation as of September 1st, 1917; nor shall any pending action, prosecution or proceeding be amended so as to include any such personal property listed as of said date."

It will be observed that the only property mentioned in section 6 of chapter 11 is "money in hand, notes, bonds, accounts, or other credits, secured or unsecured, or shares of stock liable to assessment," and the only property relieved from retroactive assessment by the proviso to that section, if the property should be assessed September 1, 1917, is "any personal property described in this section required to be listed for taxation." Bank deposits are not described in the section, but appellee contends, and the court so held, that such deposits are included in the classification of "accounts, or other credits" contained in that section, and we are cited to the cases of Krebs v. Blatz, 134 Ky. 505; Pierson v. Union Bank & Trust Co., 181 Ky. 752; Clason & Co. v. New Orleans, 46 La. Ann. 15; New Orleans v. Stempel, 175 U. S. 306, and Pacific Savings Society v. San Francisco, 133 Cal. 14, as holding that the relation between a bank and its depositor is that of debtor and creditor; and that a deposit in bank is intangible property covered by both of the terms "account" and "credit."

It is therefore argued that since chapter 4 and chapter 11 were passed at the same session of the legislature, and both related to the general subject of revenue and taxation, they should be construed in *pari materia,* and that so construing them the exemption in the proviso to section 6 of chapter 11 should be held to apply to the provisions of chapter 4 and thus prevent the Commonwealth in this case from retroactively assessing the bank deposits in question.

It would serve no useful purpose to enter into a consideration of the doctrine contended for, and an analysis of the cases calling for its application, since all the cases, as well as all the text books, hold it to be a rule of construction, only, invoked to enable the courts to ascertain the intention of the legislature concerning doubtful provisions of statutes. Its general scope, as well as the limitations upon its application, is well stated in 36 Cyc. 1150, thus:

"Whenever a legislature has used a word in a statute in one sense and with one meaning, and subsequently uses the same word in legislating upon the same subject matter, it will be understood as using it in the same sense, unless there be something in the context or the nature of things to indicate that it intended a different meaning thereby. It must not be overlooked, however,

that the rule requiring statutes in *pari materia* to be construed together is only a rule of construction to be applied as an aid in determining the meaning of a doubtful statute, and that it can not be invoked where the language of a statute is clear and unambiguous."

Cases from this court recognizing the *pari materia* rule of construction, relied on by appellee, are Commonwealth v. Herald Publishing Company, 128 Ky. 424; Commonwealth v. International Harvester Co., 131 Ky. 551, and Wilson v. Hahn, Idem. 439. But in those cases there were presented facts, circumstances and conditions radically different from those which confront us here, as will be readily seen from a reading of the opinions.

In the above statement of the doctrine in 36 Cyc., it will be seen that if the legislature uses a word in a statute in a particular sense and with a particular meaning, and subsequently uses the same word in legislating upon "the same subject matter," it will be presumed to be used upon the last occasion in the same sense that it was upon the former. But, can it be truthfully said that in the instant case the legislature, in enacting chapters 4 and 11 was dealing with "the same subject matter?" Manifestly, not. The subject matter being dealt with in chapter 4 was the taxation of *bank deposits,* and that only, while chapter 11 dealt with what the legislature intended to and did classify as separate and distinct species of property for taxing purposes. Indeed, the very fact that a different rate of taxation was placed upon the two species of property mentioned in the two chapters is evidence conclusive that they were not considered by the legislature as identical anywhere throughout the entire scheme and plan of taxation enacted at that session. Moreover, the quotation from Cyc., *supra,* permits the court to invoke the rule of construction contended for only "as an aid in determining the meaning of a doubtful statute," and forbids it "where the language of the statute is clear and unambiguous." When it is considered that bank deposits are dealt with by the legislature, under the power conferred by the amendment to section 171 of the Constitution, under a separate and distinct act from that dealing alone with the property mentioned in chapter 11, there can be no doubt in the judicial mind as to the meaning and intention of the legislature by the use of the terms "accounts" and "credits" in the exempting provisions relied on in this

case, which meaning is that the exemption should apply only to the property "described in this section," and not to bank deposits. It must also not be overlooked that a statute exempting property from retroactive assessment is in effect one exempting property from taxation, and such exemption statutes should always be strictly construed. 36 Cyc. 892; Jones v. City of Louisville, 142 Ky. 759; City of Middlesboro v. New South Brewing & Ice Co., 108 Ky. 351; Kilgus v. Trustees of Orphanage of the Good Shepherd, 94 Ky. 439; Cooley on Taxation, volume 1, page 357, and Y. & M. V. R. R. Co. v. Thomas, 132 U. S. 174.

This rule of strict construction as applied to such exempting statutes is thus stated in the city of Middlesboro case, *supra*:

"It is well settled that exemptions from taxation are regarded in derogation of common right, and therefore are not to be extended beyond the exact and express requirements of the language used, construed *strictissimi juris.*"

And in the Kilgus case it is stated that such statutes should never be construed so as to exempt property from taxation "unless the language used clearly and expressly requires it to be done."

In addition to what has been said it may be added that the legislature of this State for a great number of years has recognized bank deposits as a species of property separate and distinct from what is generally included by the terms "accounts" or "credits."

The assessment schedule found in section 4058 of the Kentucky Statutes has been a part of the revenue statutes of this State for more than thirty years, and in it the property owner is required, under items 2 and 3 to list notes secured and unsecured; under item 4 he is required to list *accounts;* under item 5, to list *cash on hand,* and under item 6 "cash on deposit in bank;" under items 7 and 8 "cash on deposit with other corporations and individuals," and under item 9 he is required to list "all other credits or money at interest," thus showing that the meaning of the terms "accounts," "credits," "cash on hand" and "cash on deposit in bank" have never been considered by the legislature as identical, but they have always been treated as referring to separate and distinct classes of property.

The above interpretation of the statute is further fortified when we consider the purpose of the exemptions found in the proviso to section 6 of chapter 11. Past experience had demonstrated that a large amount of intangible property, consisting of "money in hand, notes, accounts and other credits," had been secreted and withheld from assessment by the owner, and to induce him to bring that character of property to the light and assess it for taxation, he was offered the exemption therein provided. Not so with bank deposits, which could, most likely, be discovered by the diligent assessing officer.

For the reasons discussed, and others which might be given, we conclude that the court erred in overruling the demurrer to the second paragraph of the answer, and the judgment is reversed with directions to sustain it, and for proceedings consistent with this opinion.