CORTÉS & SEGURA, INC., Plaintiff and Appellee, v. FERNANDO J. CORTÉS, Defendant and Appellant.

No. 4310. Argued March 31, 1930.—Decided May 20, 1930.

*F. Soto Gras,* for plaintiff-appellee. *O. B. Frazer* and *R. Castro Fernández,* for defendant-appellant.

Mr. Chief Justice del Toro delivered the opinion of the court.

On the 12th of last February, this court rendered a judg-ment in the present case reversing the judgment appealed from and dismissing the complaint, with costs. The prayer of the complaint was that the defendant be adjudged to deliver to the plaintiff the possession of a certain commercial establishment.

On the 27th of the following March, the plaintiff filed a petition for the allowance by this court of an appeal to the United States Cirtuit Court of Appeals for the First Circuit together with an assignment of errors.

On the same day, the defendant filed his opposition to the allowance of the appeal. The court set the 31st of the said month to hear the parties as to whether or not the appeal should be allowed. Both parties appeared at the hearing and were heard, and five days were granted for filing briefs. Only the defendant filed one.

After a careful consideration of all the questions raised and of the law and decisions applicable to the case, we think that an appeal does not lie.

Section 128 (*a*) of the Judicial Code of the United States, as amended by the Act of Congress of February 13, 1925, in its pertinent part reads as follows:

"The circuit courts of appeal shall have appellate jurisdiction to review by appeal or writ of error final decisions—

"  .    .    .    .    .    .    .    .    .    .    .

"Fourth. In the Supreme Courts of the Territory of Hawaii and of Porto Rico, in all civil cases . . . wherein the value in con-

troversy, exclusive of interest and costs, exceeds $5,000." (28 U.S.C. § 225.)

Summing up the jurisprudence on the matter Corpus Juris says:

"The general rule is that the value or amount in controversy must be made to appear affirmatively on the record, and if it cannot be ascertained therefrom, the appeal will be dismissed, the burden being on appellant or plaintiff in error to establish the jurisdiction. Mere uncertain inference or speculation is not sufficient." 3 C.J. 397.

What is the value in controversy in the case at bar?

An examination of the record discloses enough information to conclude therefrom that the stock of merchandise in the store, the possession of which was claimed by the plaintiff, was worth more than $5,000. But what was the amount in controversy: the value of the stock, or the value of the possession thereof?

It is our opinion that, since the possession was the only thing claimed in the action and the only legal question argued and determined was whether or not, at the time of the filing of the complaint, the defendant was lawfully in possession of the store owned by the plaintiff, the value of the said possession must be considered in determining the amount in controversy, and not the value of the property itself.

It seems advisable to reproduce here the following citations taken from the brief of the defendant:

"Where the right to the possession only is the matter in controversy, the value of the possession, and not the value of the property, will control as to the amount in controversy." 3 C. J. 428.

"In an action to recover personal property, and damages for its detention, in which the property was taken under an order of delivery, and delivered to plaintiff, the amount in controversy on appeal by defendant from a judgment for $100 damages for the detention of the property is only $100; the ownership of the property not being involved." *Frost* v. *Rowan,* 56 S. W. 427.

"In an action of replevin by the owner to· recover possession of personal property of the value of $300, judgment was rendered for possession of the property in favor of the plaintiff, owner, and against the defendant, lien claimant, who claimed the right of possession of the property to satisfy an agister's lien for $51.50 only . . . held the amount in controversy is less than $100, and the Supreme Court has no jurisdiction to review the case." *Blank* v. *Powell*, 68 Kan. 556; 75 Pac. 486.

"Where one of the parties in replevin claims under an execution of less than the jurisdictional amount which was levied on the property in controversy and demands the return of the property or a judgment for the amount of said execution, it is held that he is not entitled to an appeal from an adverse judgment, because in such a case the amount of the execution and not the value of the property, is the test." *Davis* v. *Upright*, 54 Iowa 752, 6 N. W. 266.

It having been established that the value of the possession must be taken as the test, what does the record show in regard to the amount? It shows that the defendant as treasurer and manager in charge of the store of the plaintiff was earning $350 monthly and that he was deprived of the possession in an unlawful manner, and afterwards removed from office under a resolution adopted on the 2nd of the following January. As to him, the value of the possession meant the salary of which he had been deprived during his illegal removal. The plaintiff has failed to prove that it meant anything else. What such value meant to the plaintiff does not appear from the record.

The judgment of this court acknowledges the defendant's right of possession at the time suit was brought, but it does not decree that such possession be restored to him. In order to better show the full scope of the appeal, it seems advisable to transcribe here the following paragraphs from the plaintiff's brief on appeal:

"We have said and now repeat that the controversy herein has become essentially academic. In the present action the judgment of this Hon. Court could only embrace two points: to order the return of the property, that is, to restore the possession, or that the plaintiff pay the value of the property if unable to return the same.

If the court concluded that the defendant was entitled to the possession, it would always have to admit that the owner of the store was the corporation. Hence, if the property exists no longer, its possession can not be returned to the defendant; and, as he is not the owner, neither can it be ordered that its value be paid to him, since at all events, such value belongs to the corporation, which has already come into possession thereof and has duly disposed of it.

"The only question thus left for determination would be: who shall be entitled to the costs; and it is for this purpose only that the court should consider and decide whether or not the corporation was entitled to the possession and to the store in the present action, and whether or not the defendant was rightly removed and by competent authority.

" 'Judgment for costs should be given defendant if entitled to possession at commencement of action, but when his right ceases pending action, he is not entitled to judgment for return of property.' 29 Cal. 312. 36 Cal. 110. 56 Cal. 458. 127 Cal. 653."

What has made us hesitate is the subsequent action that the defendant might take to claim damages, but such a doubt has been dispelled by the following statements set forth in his brief:

"As to the argument that relying on the decision of this Hon. Court in the present case the defendant would be entitled to sue for a sum exceeding $5,000, we have already expressly admitted that such an action could not be prosecuted against the plaintiff, and the fact that it could be prosecuted against Valdés is immaterial and can not be considered in determining whether the value in controversy exceeds $5,000, since Valdés is not a party to the present action, nor could he appeal from the judgment, and in making a determination of the value in controversy the court must take into consideration only the interest held in the matter by the prospective appellant, that is, plaintiff Cortés & Segura, Inc. (See the cases of Blank v. Powell and Davis v. Upright, supra.)

"As shown by the record in the present case, said corporation has been the sole owner of the property which is the object of the action herein; it has had possession of the property from the commencement of the suit; it is not bound to return said property to the defendant in spite of the adverse judgment, because it is not thereby adjudged to deliver the same to the defendant (see judgment) and it would be absurd to require its return or delivery of

894

its value to the defendant, because as the latter was subsequently removed from his office as treasurer-manager it would be his duty to forthwith return it or its value to the plaintiff as the sole and exclusive owner thereof; it is not liable for damages to the defendant, because the corporation neither dismissed him nor deprived him of the possession of the said property and the person who did so had no authority from the plaintiff corporation.''

By reason of all the foregoing, the petition must be denied.