Cortés & Segura, Inc., demandante y apelada, *v.* Fernando J. Cortés, demandado y apelante.

No. 4310.—*Sometido:* Marzo 31, 1930. *Resuelto:* Mayo 20, 1930.

 

 

*F. Soto Gras,* abogado de la apelada-apelante; *O. B. Frazer & R. Castro Fernández,* abogados de la apelante-apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El 12 de febrero último esta Corte Suprema dictó sentencia en este caso revocando la apelada y declarando la demanda sin lugar con costas. Por la demanda se pedía que se condenara al demandado a entregar a la demandante la posesión de cierto establecimiento mercantil.

El 27 de marzo siguiente la parte demandante archivó su escrito de apelación de la sentencia de esta Corte Suprema para ante la de Circuito de Apelaciones del Primer Circuito, acompañado de un señalamiento de errores.

El propio día 27 de marzo la parte demandada presentó un escrito oponiéndose a la admisión del recurso. La corte señaló el día 31 de dicho mes para oír a las partes sobre si procedía o no admitir la apelación. Ambas partes comparecieron y fueron oídas, concediéndoseles cinco días para archivar memorándums. Sólo archivó el suyo la parte demandada.

Después de un estudio cuidadoso de todas las cuestiones suscitadas y de la ley y la jurisprudencia aplicables, creemos que no hay lugar a admitir la apelación.

La sección 128 (*a*) del Código Judicial de los Estados Unidos, según fué enmendada por Ley del Congreso de febrero 13, 1925, en lo pertinente, dice:

"Las cortes de circuito de apelaciones tendrán jurisdicción para revisar mediante apelación o recurso de error las decisiones finales: . . .

"Cuarto:. De la Corte Suprema de los territorios de Hawaii y Puerto Rico en todos aquellos casos civiles . . . en que el valor en controversia, excluyendo intereses y costas, exceda de $5,000."

Y Corpus Juris, resumiendo la jurisprudencia sobre la materia, expresa:

"La regla general e's que el valor o cuantía en controversia debe aparecer afirmativamente de los autos, y que si de ellos no puede ser determ'nada, la apelación será desestimada, incumbiendo al apelante c al demandante en el recurso de error establecer la jurisdicción. Una inferencia incierta o especulación no es suficiente." 3 C. J. 397.

¿Cuál es el valor en controversia en este caso?

Revisando los autos puede encontrarse en ellos datos suficientes para afirmar que las mercancías existentes en el establecimiento cuya posesión reclamaba la demandante valían más de cinco mil dólares, pero ¿es el valor de dichas mercancías lo que está en controversia o simplemente el valor que pueda tener la posesión de las mismas?

A nuestro juicio como lo único reclamado en el pleito fué la posesión, como la sola cuestión legal discutida y resuelta fué la de si cuando la demanda se interpuso el demandado se encontraba o no en la posesión legal del establecimiento de la demandante, debe tomarse en cuenta para fijar la cuantía el valor de la posesión y no el de la propiedad.

Parece conveniente transcribir aquí las siguientes citas que tomamos del memorándum de la parte demandada:

"Cuando el derecho a la posesión de una cosa es el asunto en controversia el valor de la posesión y *no* el valor de los bienes determinará la cuantía en controversia." 3 C. J. 428.

"En una acción para recobrar bienes muebles y daños y perjuicios por su detentación, en que los bienes fueron embargados y entregados al demandante, la cuantía en controversia en una apelación interpuesta por el demandado contra una sentencia condenándole al pago de daños y perjuicios por la detentación de los bienes es solamente el importe de tal sentencia, no estando envuelta la propiedad de dichos bienes." Frost vs. Rowan, 56 S. W. 427.

"Cuando en una acción para recobrar bienes muebles por valor de $300 se dictó sentencia contra el demandado, quien alegaba estar en posesión de los bienes para satisfacer un derecho de retención (lien) por la suma de $50 'solamente, la cantidad en controversia para los fines de una apelación interpuesta por tal demandado era menos de $100 y la corte suprema no tenía jurisdicción." Blank vs. Powell, 68 Kan. 556; 75 P. 486.

"Cuando una de las partes en una acción para recobrar bienes muebles alega tener derecho a éstos a virtud de una orden de ejecución trabada sobre los bienes en controversia por una suma menor de la jurisdiccional y solicita la devolución de dichos bienes o que se dicte una sentencia por el importe de dicha ejecución se ha resuelto que esa persona no tiene derecho a apelar de una sentencia adversa toda vez que en tal caso el importe de la orden de ejecución y no el valor de los bienes es el que debe servir de base." Davis vs. Upright, 54 Iowa, 752, 6 N. W. 266.

Establecido que debe tomarse como base el valor de la posesión ¿qué dice el récord sobre su cuantía? Muestra que el demandado como Tesorero Gerente encargado del establecimiento de la demandante ganaba $350 mensuales y que se le privó de la posesión ilegalmente el 10 de diciembre de 1926, siendo luego separado de acuerdo con la ley el 2 de enero siguiente. El valor de la posesión significaba para él el sueldo dejado de cobrar mientras estuvo separado ilegalmente. La parte demandante no nos ha demostrado que signifique otra cosa. Lo que pudiera significar para la demandante no aparece de los autos.

La sentencia de esta Corte Suprema reconoce el derecho del demandado a la posesión pero no ordena que sea reintegrado en la misma, y a los efectos de penetrar en el alcance de todo lo comprendido en la apelación parece conveniente transcribir los siguientes párrafos del alegato de la propia parte demandante. Dicen:

"Hemos dicho y repetimos ahora que la cuestión se ha convertido en académica fundamentalmente. En esta acción la sentencia de esta Hon. Corte sólo puede abarcar dos extremos: ordenar la devolución de la propiedad o sea la restitución de la posesión, o que el demandante pague el valor de la propiedad si no puede devolverla. Si la corte llegara a la conclusión de que el demandado tenía derecho a la posesión, siempre tendría que dar por sentado que la dueña del establecimiento era la corporación. Luego, si la propiedad ya no existe no podrá ser devuelta tampoco la posesión al demandado; y como él no es dueño, tampoco podrá ordenarse que se le pague su importe,

el que, en todo caso, pertenece a la corporación, que ya lo tiene en su poder y ha dispuesto de él debidamente.

"Lo único que quedaría por resolver es quién tiene derecho a las costas, y para este fin únicamente es que la corte habrá de entrar a resolver si la corporación tenía derecho a la posesión y al establecimiento de este pleito, y si el demandado fué justamente destituído y por autoridad competente.

"Judgment for costs should be given defendant if entitled to possession at commencement of action, but when his right ceases pending action, he is not entitled to judgment for return of property. 29 Cal. 312. 36 Cal. 110. 56 Cal. 458, 127 Cal. 653."

Lo que nos ha hecho vacilar es la gestión posterior que pueda realizar el demandado en reclamación de daños y perjuicios y esa duda se despeja con las siguientes manifestaciones contenidas en el memorándum de la dicha parte demandada:

"En cuanto al argumento de que tomando como base la decisión de este Hon. Tribunal en el presente caso, el demandado tendría derecho a presentar un pleito por una suma mayor de $5,000, ya hemos discutido y admitido que esta acción no podría radicarse contra la demandante y el hecho de que pueda radicarse contra el Sr. Valdés, es inmaterial y no puede considerarse para determinar si el valor en controversia es mayor de $5,000 puesto que el Sr. Valdés no es parte en este asunto, ni puede apelar de esta sentencia, y al determinar el importe del valor en controversia el Tribunal está limitado a determinarlo tomando en cuenta solamente el interés que tiene en el asunto la parte que desea apelar, o sea la demandante, Cortés & Segura, Inc. (Véase los casos de Black vs. Powell y Davis vs. Upright supra).

"Como se desprende del récord en este caso, dicha corporación ha sido la dueña única de los bienes objeto de este pleito, desde la iniciación de este pleito ha tenido la posesión de los bienes, no está obligada a devolver dichos bienes al demandado aunque perdió el pleito porque la sentencia no la condena a entregar los mismos al demandado (véase la sentencia) y sería ridículo exigir que los devuelva o entregue al demandado el valor de los mismos porque el demandado habiendo sido destituído posteriormente de su cargo de gerente-tesorero estaría en el deber de devolver en el mismo acto dichos bienes o su valor a la demandante como única y exclusiva dueña

de los mismos; no es responsable de daño alguno al demandado porque la corporación no lo expulsó ni lo privó de la posesión de los bienes y el que lo hizo lo hizo sin estar autorizado por la corporación demandante.''

*Por virtud de todo lo expuesto debe resolverse no haber lugar a admitir la apelación.*